10 N.Y.3d 517 (2008)
890 N.E.2d 191
860 N.Y.S.2d 429
DZAFER VUCETOVIC et al., Appellants,
v.
EPSOM DOWNS, INC., Respondent.
Court of Appeals of the State of New York.
Argued April 17, 2008.
Decided June 3, 2008.
*518 Roura & Melamed, New York City (Alexander J. Wulwick of counsel), for appellants.
Rebore Thorpe & Pisarello PC, Farmingdale (Timothy J. Dunn, III, of counsel), for respondent.
Michael A. Cardozo, Corporation Counsel, New York City (Francis F. Caputo and Susan Paulson of counsel), for City of New York, amicus curiae.
Chief Judge KAYE and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

OPINION OF THE COURT
GRAFFEO, J.
In this personal injury action, we conclude that a tree well is *519 not part of the "sidewalk" for purposes of section 7-210 of the Administrative Code of the City of New York, which imposes tort liability on property owners who fail to maintain city-owned sidewalks in a reasonably safe condition. We therefore affirm the order of the Appellate Division dismissing the complaint.
At about 10:30 P.M. on a clear, dry evening on January 31, 2004, plaintiff Dzafer Vucetovic was walking down East 58th Street in Manhattan between Second and Third Avenues when he stepped into a tree well and tripped on one of the cobblestones surrounding the dirt area containing a tree stump. The tree well was located in front of a building owned by defendant Epsom Downs, Inc.,[1] but the tree well apparently was installed prior to Epsom's acquisition of the building.[2] Approximately four months before the accident, the City of New York had cut down the tree.
Plaintiff and his wife, suing derivatively, brought this action for personal injuries against Epsom alleging that the property owner failed to maintain the sidewalk in a reasonably safe condition in violation of section 7-210 of the Administrative Code of the City of New York. Epsom moved for summary judgment dismissing the complaint, contending that section 7-210 did not apply because the tree well was not a part of the sidewalk as defined in the Administrative Code.
Supreme Court granted the motion and dismissed the complaint, agreeing with Epsom that section 7-210 was inapplicable. A divided Appellate Division affirmed and plaintiff now appeals as of right based on the two-Justice dissent.
Before addressing the language of section 7-210 itself, it is necessary to examine the background underlying its enactment. Prior to the adoption of section 7-210, property owners in New York City had a statutory duty both to "install, construct, repave, reconstruct and repair the sidewalk flags in front of or abutting such property" (Administrative Code of City of NY § 19-152 [a]) and to "remove the snow or ice, dirt, or other material from the sidewalk" (Administrative Code of City of NY § 16-123 [a]). Failure to comply with these directives resulted in fines or an obligation to reimburse the City for its expenses incurred in performing the necessary work, but not tort liability *520 (see Administrative Code of City of NY § 19-152 [e]; § 16-123 [e], [h]).
Under this previous statutory scheme, the City, as the owner of the sidewalks, generally remained liable for injuries to pedestrians caused by defective sidewalk flags, subject to the requirements of the prior written notice law (see Administrative Code of City of NY § 7-201 [c] [2]; see also Yarborough v City of New York, 10 NY3d 726 [2008]). An abutting landowner could be held liable only if the owner affirmatively created the dangerous sidewalk condition, negligently made repairs or used the sidewalk in a special manner for its own benefit (see Hausser v Giunta, 88 NY2d 449, 453 [1996]).
In 2003, the New York City Council modified this regime by adopting section 7-210 of the Administrative Code, which reads as follows:
"a. It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.
"b. Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. . .
"c. Notwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks . . . in a reasonably safe condition."[3]
*521 The City Council enacted section 7-210 in an effort to transfer tort liability from the City to adjoining property owners as a cost-saving measure, reasoning that it was appropriate "to place liability with the party whose legal obligation it is to maintain and repair sidewalks that abut themthe property owners" (Rep of Comm on Transp, at 5, Local Law Bill Jacket, Local Law No. 49 [2003] of City of NY). Notably, the language of section 7-210 "mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (id. at 4; see also Office of Mayor Mem in Support, Local Law Bill Jacket, Local Law No. 49 [2003] of City of NY).
Against this backdrop, plaintiff, joined by the City as amicus curiae, asserts that tree wells should be considered an integral part of the sidewalk for purposes of section 7-210 such that Epsom may be held liable for the failure to maintain the tree well in a safe condition. Although section 7-210 does not define the term "sidewalk," plaintiff relies on section 19-101 (d) of the Administrative Code, which describes a sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians." Plaintiff also submits that section 7-210 should be broadly construed because it requires that sidewalks be maintained in a "reasonably safe condition."
Acknowledging that this case presents a close question, we are constrained to agree with the courts below that section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells. In reaching this result, we are guided by the principle that "legislative enactments in derogation of common law, and especially those creating liability where none previously existed," must be strictly construed (Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200, 206 [2004] [internal quotation marks and citation omitted]; see also McKinney's Cons Laws of NY, Book 1, Statutes § 301 [c]).
Here, sections 19-152 and 16-123, the provisions whose language section 7-210 tracks, contemplate the installation, maintenance, repair and clearing of sidewalks or sidewalk flags. Significantly, tree wells are not mentioned in sections 19-152, *522 16-123 or 7-210.[4] And while section 7-210 employs the phrase "shall include, but not be limited to," this clause applies to the types of maintenance work to be performed, not the specific features of what constitutes a sidewalk. Given the statutory silence and the absence of any discussion of tree wells in the legislative history, it seems evident that the City Council did not consider the issue of tree well liability when it drafted section 7-210. If the City Council desired to shift liability for accidents involving tree wells exclusively to abutting landowners in derogation of the common law, it needed to use specific and clear language to accomplish this goal.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs.
NOTES
[1] The building is an apartment complex with a commercial establishment on the ground floor.
[2] Epsom's vice-president and the superintendent of the building each testified that they did not know who placed the cobblestones. The record is otherwise silent as to who constructed the tree well.
[3] The provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210 [b], [c]). This exception is not applicable here.
[4] We further note that the City's Department of Parks and Recreation is vested with exclusive jurisdiction over the "planting, care and cultivation of all trees and other forms of vegetation in streets" (Administrative Code of City of NY § 18-104). Indeed, an individual or entity is guilty of a misdemeanor if convicted of cutting, removing or in any way destroying a tree or other form of vegetation without first obtaining the Department's permission (see Administrative Code of City of NY § 18-129).