■ ANJELL D. BOWERS, Respondent, v NORTHWESTERN REALTY LIMITED PARTNERSHIP, Appellant. [892 NYS2d 560]—

The plaintiff alleges that she slipped and fell on an oily substance on the steps of an interior stairway in the apartment building in which she resided, which is owned by the defendant. After joinder of issue, the defendant moved for summary judgment dismissing the complaint on the ground that it did not create or have actual or constructive notice of the allegedly hazardous condition. In support of its motion, the defendant relied, in pertinent part, on the deposition testimony of the plaintiff and the building's porter. Notably, at her deposition, the plaintiff testified that the substance was colorless and smelled like a cleaning product, while the building's porter testified that she cleaned the building's interior stairways every other day with a mixture of water and liquid pine soap. The Supreme Court denied the motion, finding that while the defendant established, prima facie, through the deposition testimony of the building's porter, that it did not create the allegedly hazardous condition or have notice thereof, in opposition, the plaintiff raised a triable issue of fact through the deposition testimony of both the plaintiff and the building's porter, as to whether the defendant created the alleged hazard. We affirm, but on a different ground.

Contrary to the Supreme Court's determination, the deposition testimony of the plaintiff and the building's porter, which the defendant submitted in support of its motion for summary judgment, failed to eliminate all issues of fact as to whether the defendant created the allegedly hazardous condition that caused the plaintiff to slip and fall. Accordingly, the defendant failed to meet its burden of establishing, prima facie, its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the sufficiency of the plaintiff's papers need not be addressed (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Tchjevskaia v Chase*, 15 AD3d 389 [2005]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.