■ CARMELA FUSCO, Respondent, v CITY OF NEW YORK, Respondent-Appellant, and SANTO ARENA, Appellant-Respondent. [900 NYS2d 81]—

In an action to recover damages for personal injuries, the defendant Santo Arena appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated January 26, 2009, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judg-

ment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff alleges that on January 24, 2006, she was injured in Bay Ridge, Brooklyn, when she tripped and fell while walking over a portion of elevated sidewalk which was raised by a nearby tree root that emanated from an adjacent tree well. She commenced this action against Santo Arena, a co-owner of the premises abutting the sidewalk at the site of her accident, and the City of New York. In their respective answers, Arena and the City asserted cross claims against each other. Following discovery, Arena moved, and the City cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion and cross motion. We affirm.

Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). For purposes of the Administrative Code, "a tree well is not part of the 'sidewalk' " (*id.* at 518-519). Consequently, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*id.* at 521).

Here, the defendants each failed to demonstrate the absence of any triable issues of fact as to whether the plaintiff tripped and fell over a defective sidewalk, or a tree well, or a combination of the two. As a result, the sufficiency of the plaintiff's opposition papers need not be addressed (*see Bowers v Northwestern Realty L.P.*, 69 AD3d 892 [2010]).

We decline to reach the City's contention, raised for the first time on appeal, that it did not receive prior written notice of any alleged defect at the site of the plaintiff's accident as required by Administrative Code of the City of New York § 7-210 (c) (ii). The City did not plead the lack of prior written notice in its answer, and the plaintiff, who has not submitted a brief, has not had an opportunity to respond to that contention, and we therefore do not reach it (*cf. Flanagan v Board of Educ., Commack Union Free School Dist.*, 47 NY2d 613, 617 [1979]; *Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769 [2010]). Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.