■ BROCHO TEITELBAUM, Appellant, v CROWN HEIGHTS AS-SOCIATION FOR THE BETTERMENT et al., Respondents. [922 NYS2d 544]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated March 22, 2010, as granted that branch of the motion of the defendant Crown Heights Association for the Betterment and that branch of the cross motion of the defendant City of New York which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying, as untimely, that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff

payable by the defendant City of New York, and one bill of costs to the defendant Crown Heights Association for the Betterment payable by the plaintiff.

The plaintiff allegedly tripped and fell on a brick protruding from a tree well in front of 305 Kingston Avenue in Brooklyn. She commenced this action to recover damages for negligence against the defendant Crown Heights Association for the Betterment (hereinafter Crown Heights), as owner of the real property located at 305 Kingston Avenue, and against the defendant City of New York, as owner of the sidewalk on which the tree well was situated. Following discovery, Crown Heights timely moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that the plaintiff tripped and fell within a tree well, which was not part of the sidewalk for purposes of Administrative Code of the City of New York § 7-210, which imposes tort liability on property owners who fail to maintain city-owned sidewalks in a reasonably safe condition. More than 120 days after the date the note of issue was filed, the City cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not have prior written notice of the allegedly defective condition as required by section 7-201 (c) (2) of the Administrative Code. In opposition to the City's cross motion, the plaintiff argued that the cross motion was untimely. In the order appealed from, the Supreme Court granted those branches of Crown Heights's motion and the City's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. We modify.

Crown Heights met its prima facie burden of establishing that it was entitled to judgment as a matter of law, and in opposition to its summary judgment motion, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Stukas v Streiter, 83 AD3d 18 [2d Dept 2011]). The evidence—particularly, the photograph of the accident site upon which the plaintiff marked the protruding brick from the tree well that allegedly caused her accident—plainly established that the brick was part of the tree well and not part of the sidewalk. A property owner's duty to maintain the sidewalk in a reasonably safe condition pursuant to section 7-210 of the Administrative Code does not include tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 518-519 [2008]). Accordingly, the Supreme Court properly granted that branch of Crown Heights's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court, however, should have denied, as untimely, that branch of the City's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. The City failed to demonstrate good cause for its delay in making the cross motion (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Bickelman v Herrill Bowling Corp.*, 49 AD3d 578, 580 [2008]). Contrary to the City's contention, the issues raised on its cross motion were not "nearly identical" to the issues raised on Crown Heights's motion (*Ianello v O'Connor*, 58 AD3d 684, 686 [2009]; *see Joyner-Pack v Sykes*, 54 AD3d 727, 728 [2008]; *Grande v Peteroy*, 39 AD3d 590, 592 [2007]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 496-497 [2005]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.