■ DIMITRIOS A. VELLIOS, Appellant, v GREEN APPLE et al., Respondents. (And a Third-Party Action.) [923 NYS2d 895]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 16, 2009, which granted the motion of the defendants Carmine Pellone and Rosemary Pellone, and the cross motion of the defendant Green Apple, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On June 23, 2006, the plaintiff was walking with the aid of a walker when the front wheels of that walker went into a tree well and he lost his balance and fell, allegedly sustaining injuries. The accident occurred in front of premises located on Kings Highway in Brooklyn, which was owned by the defendants Carmine Pellone and Rosemary Pellone (hereinafter the Pellones) and occupied by the defendant Green Apple (hereinafter Green Apple), a commercial tenant.

In support of their motion and cross motion for summary judgment, the Pellones and Green Apple, respectively, established their prima facie entitlements to judgment as a matter of law by demonstrating that they had no duty to maintain the tree well, which is owned by the City of New York (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted the motion

and cross motion for summary judgment. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.