■ EDUARD PEVZNER et al., Appellants, v 1397 E. 2ND, LLC, et al., Respondents, et al., Defendant. [947 NYS2d 543]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated October 17, 2011, as granted that branch of the motion of the defendants 1397 E. 2nd, LLC, and FTC Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants 1397 E. 2nd, LLC, and FTC Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The injured plaintiff allegedly fell and sustained injuries while walking on East 2nd Street in Brooklyn when he stepped into an unpaved square of ground next to the curb measuring approximately three feet by three feet. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the abutting owner, 1397 E. 2nd, LLC, and its managing agent, FTC Management, Inc. (hereinafter together the movants). On their motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, the movants contended that the alleged defect at issue was a city-owned tree well which they had no duty to maintain. The Supreme Court granted their motion. The plaintiffs appeal, and we reverse the order insofar as appealed from.

Contrary to the plaintiffs' contentions, the motion was timely

made within 60 days after the filing of the note of issue (*see* CPLR 3212 [a]; Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6 [formerly rule 13]), and the Supreme Court providently reviewed the unsworn deposition transcripts submitted in support of the motion, since they were certified by the reporters and the plaintiffs did not challenge their accuracy (*see Zalot v Zieba*, 81 AD3d 935 [2011]; *see also Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935 [2012]). However, the evidence submitted by the movants did not establish their prima facie entitlement to judgment as a matter of law.

Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner. However, a tree well does not fall within the applicable Administrative Code definition of "sidewalk" and, thus, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]; *see Vellios v Green Apple*, 84 AD3d 1356 [2011]; *Teitelbaum v Crown Hgts. Assn. for the Betterment*, 84 AD3d 935 [2011]; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772 [2010]). Here, the movants failed to establish, prima facie, that the alleged defect was a city-owned tree well which they had no duty to maintain (*see Harakidas v City of New York*, 86 AD3d 624, 626 [2011]; *cf. Vellios v Green Apple*, 84 AD3d 1356 [2011]; *Grier v 35-63 Realty, Inc.*, 70 AD3d at 772-773). Moreover, the movants failed to satisfy their burden of demonstrating, prima facie, that they neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Harakidas v City of New York*, 86 AD3d at 627). Since the movants failed to establish their entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the movants. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.