■ OLGA VIGIL, Appellant, v CITY OF NEW YORK, Defendant, and B.D. HOLDING Co., Respondent. [973 NYS2d 750]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated March 22, 2012, as granted that branch of the motion of the defendant B.D. Holding Co. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant B.D. Holding Co. which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

On October 11, 2008, the plaintiff allegedly tripped and fell over a two- to-three-inch height differential between a metal grating covering a tree well and the surrounding sidewalk. As a result, the plaintiff commenced this action against the City of New York and the abutting property owner, B.D. Holding Co.

(hereinafter B.D. Holding). B.D. Holding moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it had no duty to maintain the tree well since the tree well was not part of the sidewalk for purposes of section 7-210 of the Administrative Code of the City of New York, and that the alleged defective condition was open and obvious and not inherently dangerous. The Supreme Court granted that branch of B.D. Holding's motion.

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). A tree well is not part of the "sidewalk" for purposes of Administrative Code of the City of New York § 7-210, and an abutting property owner has no duty to maintain a city-owned tree well (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521-522; *Vellios v Green Apple*, 84 AD3d 1356, 1356 [2011]; *Teitelbaum v Crown Hgts. Assn. for the Betterment*, 84 AD3d 935, 936 [2011]; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]).

Here, B.D. Holding failed to establish, prima facie, its entitlement to judgment as a matter of law, since its moving papers did not eliminate triable issues of fact as to whether the plaintiff was caused to fall due to an alleged defect in the tree well, the sidewalk, or a combination of the two (*see Fusco v City of New York*, 71 AD3d at 1084). Additionally, B.D. Holding failed to establish, prima facie, that the height differential between the metal grating and the abutting sidewalk was open and obvious and not inherently dangerous (*see generally Cupo v Karfunkel*, 1 AD3d 48 [2003]). The fact that the condition may have been open and obvious only raises a triable issue of fact as to the plaintiff's possible comparative negligence (*see Gaudiello v City of New York*, 80 AD3d 726, 727 [2011]). Since B.D. Holding failed to establish, prima facie, its entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.