PAMELA DONADIO, Appellant, v CITY OF NEW YORK et al., Respondents. [6 NYS3d 85]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Kerrigan, J.), entered November 15, 2013, which granted that branch of the motion of the defendant Seabury Condominium Board of Managers which was for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by her brief, from so much of an order of the same court entered November 29, 2013, as granted that branch of the motion of the defendants City of New York, New York City Department of Parks and Recreation, and New York City Department of Transportation which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order entered November 15, 2013, is affirmed; and it is further,

Ordered that the order entered November 29, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants City of New York, New York City Department of Parks and Recreation, and New York City Department of Transportation, and the defendant Seabury Condominium Board of Managers, appearing separately and filing separate briefs.

On February 5, 2008, the plaintiff allegedly was injured when she lost her balance and fell after stepping into a curbside tree well adjacent to property located at 56-16 Seabury Street in Queens.

A tree well does not fall within the applicable Administrative Code definition of "sidewalk" and, thus, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]; *see* Administrative Code of City of NY § 7-210; *Vigil v City of New York*, 110 AD3d 986 [2013]; *Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921 [2012]; *Vellios v Green Apple*, 84 AD3d 1356 [2011]). In support of its motion for summary judgment, the defendant Seabury Condominium Board of Managers (hereinafter Seabury) established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to maintain the tree well abutting 56-16 Seabury Street, which is owned by the defendant City of New York (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 517; *Vellios v Green Apple*, 84 AD3d at 1356). As part of this showing, Seabury demonstrated that the tree well was the proximate cause of the plaintiff's fall, and there was no evidence that any condition concerning the sidewalk was a possible factor in the happening of the accident (*see Vigil v City of New York*, 110 AD3d at 986; *Fusco v City of New York*, 71 AD3d 1083 [2010]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Seabury's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Abano v Suffolk County Community Coll.*, 66 AD3d 719, 719 [2009]; *see Albano v Suffolk County*, 99 AD3d 741 [2012]; *Miller v Village of E. Hampton*, 98 AD3d 1007 [2012]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Schleif v City of New York*, 60 AD3d 926 [2009]). The Court of Appeals has recognized two exceptions to this rule: (1)

where the locality created the defect or hazard through an affirmative act of negligence; and (2) where a special use confers a special benefit upon the locality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see also Albano v Suffolk County*, 99 AD3d at 742; *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *Abano v Suffolk County Community Coll.*, 66 AD3d at 719; *Katsoudas v City of New York*, 29 AD3d 740, 741 [2006]). The affirmative creation exception is "limited to work by the City that immediately results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d 888, 889 [2007] [internal quotation marks omitted]; *see Methal v City of New York*, 116 AD3d 743 [2014]).

In order to hold the City liable for injuries resulting from defects in tree wells in city-owned sidewalks, a plaintiff must demonstrate that the City has received prior written notice of the defect or that an exception to the prior written notice requirement applies (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Methal v City of New York*, 116 AD3d 743 [2014]; *O'Donoghue v City of New York*, 100 AD3d 402 [2012]; *Tucker v City of New York*, 84 AD3d 640 [2011]; *see also Holmes v Town of Oyster Bay*, 82 AD3d 1047 [2011]). Contrary to the plaintiff's assertions on appeal, the evidence submitted on the motion for summary judgment of the defendants City of New York, New York City Department of Parks and Recreation, and New York City Department of Transportation (hereinafter collectively the city defendants) dismissing the complaint and all cross claims insofar as asserted against them demonstrated that they did not have prior written notice of the alleged defective condition of the tree well (*see Tucker v City of New York*, 84 AD3d at 645; *Holmes v Town of Oyster Bay*, 82 AD3d at 1047; *see also Perez v City of New York*, 116 AD3d 1019 [2014]). In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the city defendants had prior written notice or that an exception to the prior written notice requirement applies. Accordingly, the Supreme Court properly granted that branch of the motion of the city defendants which was for summary judgment dismissing the complaint insofar as asserted against them. Eng, P.J., Austin, Cohen and Barros, JJ., concur.