■ MARGARET NEWKIRK, Respondent, v CITY OF NEW YORK et al., Defendants, and CENTER FOR NURSING & REHABILITATION, INC., Appellant. [10 NYS3d 545]—

In an action to recover damages for personal injuries, the defendant Center for Nursing & Rehabilitation, Inc., appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated March 28, 2014, which denied its motion for summary judgment, in effect, dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Center for Nursing & Rehabilitation, Inc., for summary judgment, in effect, dismissing the amended complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly was injured when she tripped and fell in front of premises owned by the defendant Center for Nursing & Rehabilitation, Inc. (hereinafter the Center). The plaintiff alleges that she fell as a result of a difference in elevation between two cement slabs surrounding a tree within a tree well.

The Center moved for summary judgment, in effect, dismissing the amended complaint and all cross claims insofar as asserted against it. The Center argued that it could not be held liable under section 7-210 of the Administrative Code of the City of New York (hereinafter the Administrative Code), which imposes tort liability on abutting property owners for the failure to maintain city-owned sidewalks in a reasonably safe condition, because the plaintiff fell in a tree well, which is not considered to be part of a sidewalk for purposes of Administrative Code § 7-210. The Supreme Court denied the motion.

A tree well does not fall within the definition of "sidewalk" as that term is defined by section 7-210 of the Administrative Code and thus, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]; *see Donadio v City of New York*, 126 AD3d 851, 852 [2015]; *Avezbakiyev v Champion Commons, LLC*, 122 AD3d 781, 782 [2014]; *Vigil v City of New York*, 110 AD3d 986, 987 [2013]; *Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]).

Here, the Center established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff fell in a tree well, not any part of the surrounding sidewalk, and that it had no duty to maintain the tree well, as that tree well was owned by the City of New York (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 517; *Donadio v City of New York*, 126 AD3d at 852; *Vellios v Green Apple*, 84 AD3d 1356 [2011]; *Teitelbaum v Crown Hgts. Assn. for the Betterment*, 84 AD3d 935, 936 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the Center's motion for summary judgment, in effect, dismissing the amended complaint and all cross claims insofar as asserted against it. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.