■ GALYNA ANTONYUK, Appellant, v BRIGHTWATER TOWERS CONDO HOMEOWNERS' ASSOCIATION, INC., Defendant, and CITY OF NEW YORK, Respondent. [46 NYS3d 221]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), entered March 14, 2014, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff alleged that as she was walking on a sidewalk

in Brooklyn, she tripped and fell on a raised corner of the sidewalk off the northwest corner of a tree well. The plaintiff subsequently commenced this action against the defendant City of New York and others, alleging negligence. The City thereafter moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it had no duty, pursuant to Administrative Code of the City of New York § 7-210, to maintain the area where the accident occurred, and that it did not affirmatively create the condition alleged. The Supreme Court granted that motion. We reverse.

Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, absent certain exceptions not relevant to this case (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]). However, a tree well does not fall within the applicable Administrative Code definition of "sidewalk" and, thus, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521; *see Alexander v City of New York*, 118 AD3d 646, 647 [2014]; *Vigil v City of New York*, 110 AD3d 986, 987 [2013]; *Fusco v City of New York*, 71 AD3d 1083, 1083 [2010]).

Here, the City failed to demonstrate the absence of any triable issues of fact as to whether the plaintiff tripped and fell over a defective sidewalk, or a tree well, or a combination of the two (*see Alexander v City of New York*, 118 AD3d at 647; *Vigil v City of New York*, 110 AD3d at 986; *Fusco v City of New York*, 71 AD3d at 1084). Moreover, the City failed to demonstrate, prima facie, that it did not affirmatively create the condition alleged. Since the City failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied its motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.