Barrios v City of New York (2019 NY Slip Op 03311)





Barrios v City of New York


2019 NY Slip Op 03311


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-07597
 (Index No. 5115/14)

[*1]Graciela Barrios, plaintiff-respondent, 
v
City of New York, defendant-respondent, Glynton Handkerchief Company, LLC, appellant, et al., defendant.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas P. Hurzeler of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for plaintiff-respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and MacKenzie Fillow of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Glynton Handkerchief Company, LLC, appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered April 24, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Glynton Handkerchief Company, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly was injured when she tripped and fell while walking on a sidewalk abutting a premises owned by the defendant Glynton Handkerchief Company, LLC (hereinafter Glynton), in Queens County. The plaintiff commenced this action to recover damages for personal injuries against Glynton, the City of New York, and another defendant. Glynton moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, inter alia, that the plaintiff tripped and fell on a defective condition of a metal grating that covered a tree well and that it had no duty to maintain the tree well. The Supreme Court denied the motion. Glynton appeals.
Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521). However, a tree well does not fall within the applicable Administrative Code definition of "sidewalk" and, thus, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (id. 521; see Newkirk v City of New York, 129 AD3d 685, 686; Donadio v [*2]City of New York, 126 AD3d 851, 852; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773). Here, Glynton established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff fell due to a condition related to the tree well, not due to any condition concerning the sidewalk, and that it had no duty to maintain the tree well (see Newkirk v City of New York, 129 AD3d at 686; Donadio v City of New York, 126 AD3d at 852; Grier v 35-63 Realty, Inc., 70 AD3d at 773). In opposition, the plaintiff and the City failed to raise a triable issue of fact.
In light of the above determination, we need not address Glynton's remaining contentions.
Accordingly, the Supreme Court should have granted Glynton's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court