Iskhakbayev v Casol Realty, LLC (2020 NY Slip Op 02769)





Iskhakbayev v Casol Realty, LLC


2020 NY Slip Op 02769


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-14483
 (Index No. 8676/11)

[*1]Edward Iskhakbayev, appellant, 
v
Casol Realty, LLC, defendant third-party plaintiff-respondent; City of New York, third-party defendant.


Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Stephen S. Revis and Sandra Beron of counsel), for appellant.
Russo & Toner LLP, New York, NY (Dan Schiabetta, Jr., of counsel), for defendant third party-plaintiff-respondent.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 12, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the evening of January 1, 2011, the plaintiff tripped and fell after stepping into an unguarded, snow-covered tree well, from which a tree had been removed. The plaintiff was walking on the sidewalk adjacent to a building owned by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained as a result of the fall. At a hearing pursuant to General Municipal Law § 50-h and at a deposition, the plaintiff testified that at the time of the accident, there was an accumulation of snow on the sidewalk. The plaintiff testified that he was walking on a narrow path of compacted snow on the sidewalk when he noticed a group of people walking toward him from the opposite direction. In order to let the group pass, the plaintiff stepped to his left and into the tree well, which was obscured by snow. The plaintiff testified that the snow in the tree well was even with the surface of the sidewalk, and thus, he did not notice the height difference between the sidewalk and the well. The defendant moved, inter alia, for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, denied the plaintiff's cross motion. The defendant appeals.
Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City [*2]to the abutting property owner (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521). However, a tree well does not fall within the applicable Administrative Code definition of "sidewalk," and thus, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (id. at 521; see Farrell v 225 Parkside, LLC, 173 AD3d 1138, 1139; Barrios v City of New York, 172 AD3d 668, 669; Newkirk v City of New York, 129 AD3d 685, 686). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to maintain the tree well, that it did not create the allegedly dangerous condition in the tree well, that it did not cause the condition to occur through any special use of the tree well, and that the alleged condition of the sidewalk was not a proximate cause of the plaintiff's accident (see Barrios v City of NY, 172 AD3d at 669; Chulpayeva v 109-01 Realty Co., LLC, 170 AD3d 798, 799; Newkirk v City of New York, 129 AD3d at 686; Wood v City of New York, 98 AD3d 845, 847). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY 2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint, and, in effect, to deny the plaintiff's motion for summary judgment on the issue of liability.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court