Carmona v Preston (2024 NY Slip Op 04758)

Carmona v Preston

2024 NY Slip Op 04758

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-10436
 (Index No. 5140/17)

[*1]Felipe Carmona, appellant, 
v
Joanne Preston, et al., respondents, et al., defendant.

Ami Morgenstern Attorney-at-Law, PLLC, Long Island City, NY (Marc Andrew Williams of counsel), for appellant.
Denis J. Kennedy, Garden City, NY (Jonathan D. Ivezaj of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated October 1, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Joanne Preston and John R. Preston which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 26, 2016, the plaintiff allegedly was injured when he tripped and fell on a raised concrete block or brick covered by leaves in a certain tree well on Hoover Avenue in Queens. The tree well abutted a building owned by the defendants Joanne Preston and John R. Preston (hereinafter together the Prestons). The plaintiff commenced this action against the Prestons, and another defendant, to recover damages for personal injuries (see Carmona v Preston, _____ AD3d _____ [Appellate Division Docket No. 2022-07590; decided herewith]). The Prestons moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 1, 2019, the Supreme Court, among other things, granted that branch of the Prestons' motion. The plaintiff appeals. We affirm.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner" (Marcano v City of New York, 224 AD3d 829, 830 [internal quotation marks omitted]; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Iskhakbayev v Casol Realty, LLC, 183 AD3d 706, 707). "However, section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (Marcano v City of New York, 224 AD3d at 830 [internal quotation marks omitted]; see Vucetovic v Epsom Downs, Inc., 10 NY3d at 521). "Thus, liability may be imposed on the abutting landowner in such instances only where she or he has affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area" (Marcano v City of New York, 224 AD3d at 830 [internal quotation marks omitted]).
Here, the Prestons demonstrated, prima facie, that they had no duty to maintain the city-owned tree well, did not create the allegedly dangerous condition that caused the plaintiff to fall, [*2]did not negligently repair the tree well, and did not cause the condition to occur through any special use of the tree well (see id.; Farrell v 225 Parkside, LLC, 173 AD3d 1138, 1139; Leibowitz v 2555 E. 12th St. Corp., 128 AD3d 1023, 1024; Donadio v City of New York, 126 AD3d 851, 852; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Contrary to the plaintiff's contention, the Prestons' motion was not premature. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Branach v Belvedere VIII, LLC, 189 AD3d 1532, 1533 [internal quotation marks omitted]; see Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518; Umanskaya v 4050 Nostrand Ave. Condominium, 173 AD3d 812, 813).
Accordingly, the Supreme Court properly granted that branch of the Prestons' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court