Dixon v Afternoon Delight Fifth Ave. Assoc., LLC (2024 NY Slip Op 06120)

Dixon v Afternoon Delight Fifth Ave. Assoc., LLC

2024 NY Slip Op 06120

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 150975/17 Appeal No. 3163-3164 Case No. 2024-00129 

[*1]William Dixon, Plaintiff-Respondent,
v
Afternoon Delight Fifth Avenue Associates, LLC, Defendant-Appellant-Respondent, Mary Castillo et al., Defendants-Respondents-Appellants, The City of New York, Defendant-Respondent.
Mary Castillo Also Known as Mary Castillo Pimental et al., Third-Party Plaintiffs-Respondents,
v
City of New York, Third-Party Defendant-Appellant.

Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for Afternoon Delight Fifth Avenue Associates, LLC, appellant-respondent/respondent.
Callahan & Fusco LLC, New York (John M. Anello of counsel), for Mary Castillo and Fifth Avenue Deli-Mart, Inc., respondents-appellants/respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Ajuma Uchennae Abata of counsel), for The City of New York, respondent/appellant.
Spiegel & Barbato, LLP, Bronx (Brian C. Mardon of counsel), for William Dixon, respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered October 12, 2023, which denied defendant/third-party defendant City of New York's motion for summary judgment dismissing all claims and cross-claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The court improperly denied the City's motion for summary judgment dismissing all claims and cross-claims against it. 34 RCNY § 2-07 requires that owners of covers or gratings be responsible for monitoring, maintaining and repairing if defective any cover or grating and the street area extending twelve inches outward from its perimeter (see Storper v Kobe Club, 76 AD3d 426, 427 [1st Dept 2010]). It is undisputed that, although the City owned the manhole cover near the area where plaintiff fell, plaintiff's fall occurred due to an alleged sidewalk defect approximately four or five feet away from the manhole cover, well outside of the twelve-inch zone that the City was required to repair (cf. Storper, 76 AD3d at 427). Therefore, the City did not have responsibility for maintaining the area of the sidewalk where plaintiff fell.
Afternoon Delight, Deli Defendants and plaintiff's argument that the court properly found an issue of fact as to the City's liability because the sidewalk defect originated within the twelve-inch perimeter of the manhole cover and expanded outward to the area where plaintiff fell is without basis. Although the City may have had a duty under 34 RCNY § 2-07 to prevent a hazardous condition on the sidewalk which originated within the twelve-inch perimeter around its manhole cover, the City submitted undisputed evidence demonstrating that it fulfilled its duty by inspecting the manhole cover before plaintiff's fall and determining that there was no broken sidewalk within the twelve-inch radius of the manhole cover that could have expanded outward (cf. Robles v Time Warner Cable Inc., 167 AD3d 411, 411 [1st Dept 2018]).
Additionally, Afternoon Delight, Deli Defendants and plaintiff failed to prove that any issue with the catch basin underneath the manhole cover implicated City's responsibility under34 RCNY § 2-07, as that provision limits the City's responsibility to "covers," "gratings" and any "defective street condition found within the area extending twelve inches outward from the perimeter of the cover or grating" (Storper, 76 AD3d at 427).
Even if the City was responsible for maintaining the sidewalk where plaintiff fell, it sustained its initial burden of showing that it did not receive prior written notice of the hazardous condition that caused plaintiff's injuries, which was a condition precedent to the action (see Sandler v New York City Tr. Auth., 188 AD2d 335, 336 [1st Dept 1992]; Donadio v City of New York, 126 AD3d 851, 853 [2d Dept 2015]). City records showed 311 calls concerning a sewer grate and noisy manhole cover. However, neither callconcerned the condition [*2]that allegedly caused plaintiff's accident prior to the accident. In any event, a verbal or telephonic communication to the City that is reduced to writing does not satisfy the prior written notice requirement (see Gorman v Town of Huntington, 12 NY3d 275, 280 [2009]), and a service report prepared as a result of such call is also insufficient to raise a triable issue of fact (see Harvey v Henry 85 LLC, 171 AD3d 531, 532 [1st Dept 2019], lv denied 33 NY3d 911 [2019]). The notice of claim in another action that was cited by defendant Afternoon Delight Fifth Avenue Associates, LLC was insufficient to provide the requisite notice because it related to a different spot on the sidewalk that was closer to the manhole cover than the place where plaintiff testified that he fell (see Roldan v City of New York, 36 AD3d 484 [1st Dept 2007]).
Plaintiff failed to sustain the burden of showing the applicability of the recognized exceptions to the prior written notice requirement ofAdministrative Code of City of NY § 7-201(c)(2). There was no claim that the City made a special use of the sidewalk, and no evidence was presented that it affirmatively created the defective condition through an act of negligence (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024