Brown v 1133 E., LLC (2025 NY Slip Op 01602)

Brown v 1133 E., LLC

2025 NY Slip Op 01602

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-07049
 (Index No. 506464/15)

[*1]Judy A. Brown, respondent, 
v
1133 Eastern, LLC, doing business as McDonalds, appellant, et al., defendant.

Stonberg Moran, LLP (Harwood Lloyd, LLC, New York, NY [Stephen Wellinghorst], of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 1133 Eastern, LLC, doing business as McDonalds, appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated April 28, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On December 17, 2014, the plaintiff tripped and fell on a round, metal circle on the sidewalk in front of 1133 Eastern Parkway in Brooklyn. The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendant 1133 Eastern, LLC, doing business as McDonalds (hereinafter the defendant), and another defendant. In August 2021, the defendant moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated April 28, 2022, the Supreme Court denied the motion. The defendant appeals.
"Administrative Code of the City of New York § 7-210 shifts tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner and imposes a duty upon the property owner to maintain the sidewalk in a reasonably safe condition" (Minqing Jin v Cheung's Holding Corp., 231 AD3d 821, 821; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171). Section 7-210 does not impose civil liability on property owners for, inter alia, City-owned tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521-522) and sign posts on the sidewalk (see Minqing Jin v Cheung's Holding Corp., 231 AD3d at 821; Smith v 125th St. Gateway Ventures, LLC, 75 AD3d 425, 425). "'Thus, liability may be imposed on the abutting landowner in such instances only where she or he has affirmatively created the dangerous condition, negligently made repairs to the area, [or] caused the dangerous condition to occur through a special use of that area'" (Carmona v Preston, 231 AD3d 703, 704, quoting Marcano v City of New York, 224 AD3d 829, 830).
Here, the defendant established, prima facie, that a bicycle rack was not part of the [*2]sidewalk for the purposes of section 7-210. However, the defendant failed to establish that it was not the entity that removed the bicycle rack that had been in the area of the subject accident, leaving the round, metal circle on which the plaintiff allegedly tripped. Thus, the defendant failed to establish, prima facie, that it did not cause or create the allegedly dangerous condition that caused the plaintiff's fall (see Cooper v First In Queens, Inc., 229 AD3d 761, 763). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court