Shelby v Shalmer Trucking Corp. (2025 NY Slip Op 04119)

Shelby v Shalmer Trucking Corp.

2025 NY Slip Op 04119

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-01392
 (Index No. 507625/20)

[*1]Terrence Shelby, respondent, 
v
Shalmer Trucking Corp., appellant, et al., defendants.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lynsay A. Dyszler and Colleen P. Sorensen, pro hac vice, of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Shalmer Trucking Corp. appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 8, 2024. The order, insofar as appealed from, denied that branch of the motion of the defendant Shalmer Trucking Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against it, and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Shalmer Trucking Corp.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Shalmer Trucking Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant Shalmer Trucking Corp. (hereinafter Shalmer), among others, to recover damages for personal injuries he allegedly sustained when he stepped onto a piece of plywood that was covering an area of dirt that was lower than the level of the sidewalk in front of premises owned by Shalmer. According to the plaintiff, after he stepped onto the plywood with both feet, it sank down and caused the plaintiff to fall and sustain injuries. Shalmer moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiff moved, among other things, for summary judgment on the issue of liability against Shalmer. In an order dated January 8, 2024, the Supreme Court, inter alia, denied that branch of Shalmer's motion and granted that branch of the plaintiff's motion. Shalmer appeals.
"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition" (Spinelli v Huang, 225 AD3d 917, 918 [internal quotation marks omitted]; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521). Section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d at 521; Ivry v City of New York, 206 AD3d 980, 981).
Here, the Supreme Court properly denied that branch of Shalmer's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Shalmer failed to establish, prima facie, that the plaintiff's alleged fall occurred in a city-owned tree well (see Santiago v Williams, 208 AD3d 604, 605; Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921). Contrary to Shalmer's contention, Shalmer also failed to establish, in the alternative, that it did not create the allegedly dangerous condition or have actual or constructive notice of it (see E.F. v City of New York, 203 AD3d 887, 889). Since Shalmer failed to establish, prima facie, its entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
However, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Shalmer. "Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable" (Wendy-Geslin v Oil Doctors, 226 AD3d 727, 729 [internal quotation marks omitted]; see Blackwood v E.S.F. Transp., Inc., 231 AD3d 923, 924).
Here, the plaintiff failed to eliminate all triable issues of fact as to whether his alleged fall occurred on the sidewalk or in a city-owned tree well. Contrary to the plaintiff's contention, he also failed to establish, prima facie, that Shalmer caused or created the allegedly defective condition upon which he allegedly fell or that Shalmer had actual or constructive notice of the condition (see Cooper v First in Queens, Inc., 229 AD3d 761, 762). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Shalmer.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court