Youngstar Irrevocable Trust v Paetz (2023 NY Slip Op 50464(U))

[*1]

Youngstar Irrevocable Trust v Paetz

2023 NY Slip Op 50464(U) [78 Misc 3d 135(A)]

Decided on May 11, 2023

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 11, 2023
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN
WALSH, JJ

2022-432 S C

Youngstar Irrevocable Trust,
Appellant, 
against
Susan Ann Mora Paetz, Respondent.

Killoran Law, P.C. (Christian Killoran of counsel), for appellant.
Nassau Suffolk Law Services (Hannah Abrams and Marissa Luchskindler of counsel),
for respondent.

Appeal from an order of the Justice Court of the Town of Southampton, Suffolk
County (Karen Sartain, J.), entered May 2, 2022, deemed from a final judgment of that
court entered May 2, 2022 (see CPLR 5512 [a]). The final judgment, entered pursuant to
the May 2, 2022 order granting tenant's motion to dismiss the petition in a holdover
summary proceeding, dismissed the petition.

ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding, landlord sought possession of a house after service upon
tenant of a 90-day notice to quit. In the petition, verified in March 2022, landlord alleged
that landlord was "not willing to participate in the creation of any leasehold, irrespective
of potentially receiving any monies from the respondent or any governmental agency"
and sought use and occupancy. In August 2021, before this proceeding was commenced,
as the result of a prior proceeding between the parties that was subsequently dismissed,
tenant submitted an application with the COVID-19 Emergency Rental Assistance
Program of 2021 (ERAP) (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1,
§ 3 [3], as amended by L 2021, ch 417, § 2, part A, § 1). In April 2022,
tenant moved to dismiss this proceeding as prohibited while tenant's ERAP application
was pending (see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1,
§ 8, as amended by L 2021, ch 417, § 2, part A, § 4). In an order entered
May 2, 2022, the Justice Court granted tenant's motion and, in a final judgment entered
the same date, the petition was dismissed. 
The relevant section of ERAP provides, in pertinent part, "proceedings for a
holdover or expired lease, or non-payment of rent or utilities that would be eligible for
coverage under this program shall not be commenced against a household who has
applied for this program or any local program administering federal emergency rental
assistance program funds unless or until a determination of ineligibility is made" (L
2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L
2021, ch 417, § 2, part A, § 4). Contrary to landlord's arguments regarding the
[*2]applicability of the ERAP statute to this holdover
proceeding, the statute plainly prohibited the commencement of this proceeding while
tenant's ERAP application was pending. Landlord's remaining arguments were raised for
the first time on appeal and are not properly before this court (see Fusco v City of
New York, 71 AD3d 1083 [2010]).
Accordingly, the final judgment is affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2023