Cabral v Triangle, LLC (2025 NY Slip Op 00187)

Cabral v Triangle, LLC

2025 NY Slip Op 00187

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 34985/19 Appeal No. 3484 Case No. 2023-04937 

[*1]Justa Cabral, Plaintiff-Respondent,
v
Triangle, LLC, Defendant-Appellant.

Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellant.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered July 27, 2023, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff alleges that she was injured when she tripped and fell getting out of a car onto the sidewalk abutting premises owned by defendant. In the pleadings, plaintiff alleged that she was "caused to fall" over a metal fence or railing surrounding a tree well, and that defendant owned and maintained the tree well and sidewalk.
Defendant established its prima facie entitlement to summary judgment by
submitting plaintiff's pleadings and deposition testimony, along with photographic evidence showing the area where the sidewalk connects to the tree well and marked by plaintiff at her deposition to show where she fell. This evidence, taken together, establishes that plaintiff fell when she stepped into and out of the perimeter of the tree well, not when she stepped on an uneven sidewalk slab or other sidewalk defect (see e.g. Brown v New York City Dept. of Transp., 187 AD3d 535, 536 [1st Dept 2020]). The perimeter of the tree well is not part of the sidewalk whose maintenance is the responsibility of the abutting property owner under Administrative Code of City of NY § 7-210 (see Fusco v City of New York, 71 AD3d 1083 [2d Dept 2010]). Rather, the perimeter of the tree well is part of the tree well itself, which the City, not the property owner responsible for the sidewalk, has the obligation to maintain in a safe condition (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]; Castro v 243 E. 138th St., LLC, 190 AD3d 475, 476 [1st Dept 2021]).
Defendant also submitted an affidavit and deposition testimony from one of its owners, stating that the tree wells near the property were installed by the City and that neither defendant nor any building tenant constructed the tree well, maintained it, repaired it, or put it to special use. This evidence was sufficient to show that defendant did not affirmatively create the dangerous condition, negligently make repairs to the area, or cause the dangerous condition to occur through a special use of the area. Thus, there was no basis to impose liability on the defendant (see Combier v City of New York, 96 AD3d 505, 505 [1st Dept 2012]; Farrell v 225 Parkside, LLC, 173 AD3d 1138, 1139 [2d Dept 2019]). In opposition, plaintiff failed to raise a triable issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025