■ ALEN VIDAKOVIC, Respondent, v CITY OF NEW YORK, Respondent and 200-202 REALTY, LLC, Appellant, et al., Defendants. [924 NYS2d 537]—

In an action to recover damages for personal injuries, the defendant 200-202 Realty, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 20, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant 200-202 Realty, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly broke his leg on September 14, 2006, when he stepped on or in a triangular hole where a sidewalk met a pedestrian ramp. The sidewalk at issue is adjacent to the building located at 200 Bedford Avenue in Brooklyn, which was purchased by the defendant 200-202 Realty LLC (hereinafter Realty) in 2004. The plaintiff commenced this action against, among others, Realty and the City of New York on July 22, 2008. Realty moved for summary judgment dismissing the complaint and cross claims insofar as asserted against it, submitting in support the affidavit of an engineer who stated that the hole was in a sloped, triangular piece of concrete that was part of the pedestrian ramp. The engineer based this conclusion on "ATSM standard F 1637-95 entitled 'Standard Practice for Safe Walking Surfaces.' " In opposition, the plaintiff submitted the affidavit of his own expert engineer, who, in relying on the same standard as Realty's expert, concluded that the area where the plaintiff tripped was actually part of the sidewalk. The City cross-moved for summary judgment dismissing the complaint insofar as asserted against it.

In an order dated May 20, 2010, the Supreme Court, Kings County (Velasquez, J.), denied both Realty's motion and the City's cross motion. Realty appeals, and we reverse the order insofar as appealed from.

In 2003, the New York City Council adopted section 7-210 of the Administrative Code of the City of New York, which shifted liability for injuries resulting from defective sidewalks from the City to the abutting property owners (*see Vucetovic v Epsom*

*Downs, Inc.*, 10 NY3d 517, 519-520 [2008]). However, pedestrian ramps are not part of the sidewalk for the purpose of imposing liability on abutting landowners pursuant to that provision (*see Ortiz v City of New York*, 67 AD3d 21, 27 [2009], *revd on other grounds* 14 NY3d 779 [2010]; *see also Rodriguez v Sequoia Prop. Mgt. Corp.*, 24 Misc 3d 822, 826-827 [2009]).

Here, Realty established its prima facie entitlement to summary judgment by submitting a photograph of the area at issue and the affidavit of its expert, which established that the area in which the plaintiff tripped was part of the pedestrian ramp (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Stukas v Streiter*, 83 AD3d 18 [2011]). The affidavit of the plaintiff's expert engineer failed to raise a triable issue of fact in opposition (*see generally Guldy v Pyramid Corp.*, 222 AD2d 815 [1995]).

Therefore, the Supreme Court should have granted Realty's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In view of the foregoing, we reject the City's contention that we should search the record and grant its cross motion for summary judgment. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.