■ ANN PEARL GARY, Respondent, v 101 OWNERS CORP., Appellant. [934 NYS2d 13]—

In February 2008, plaintiff tripped and fell while walking from the street onto the sidewalk at the corner of Stanton and Ludlow Streets in New York City. Using plaintiff's testimony and photographs, defendant established that it was entitled to summary judgment because plaintiff did not trip on the sidewalk flag abutting defendant's property; instead, plaintiff stumbled on either a crack running through the adjacent pedestrian ramp, or against the edge of the sidewalk flag, which had been exposed when the bordering edge of the ramp sagged below the flag, possibly after the ramp cracked.

While New York City landowners are responsible for maintaining sidewalk flags that abut their property (Administrative Code of City of NY § 7-210; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]), a landowner is not liable for a defect in a pedestrian ramp leading from the street onto a sidewalk unless the landowner created the defect or the ramp was constructed for its special use (*see Ortiz v City of New York*, 67 AD3d 21, 27-28 [2009], *revd on other grounds* 14 NY3d 779 [2010]; *Vidakovic v City of New York*, 84 AD3d 1357, 1358 [2011]).

The defective ramp and not a defect in the flag caused plaintiff's injury. Plaintiff does not claim that defendant's activity created the defect in the ramp or that it was constructed for defendant's special use. Thus, summary judgment should have been granted to defendant. Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.