■ JESSICA RODRIGUEZ, Appellant, v THEMELION REALTY CORP. et al., Respondents, et al., Defendant. [941 NYS2d 677]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated March 21, 2011, as granted that branch of the motion of the defendants Themelion Realty Corp., Themilion Realty Corp., Theodore Vallas, and Vallas Realty which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when she tripped and fell on a pedestrian ramp in front of a building in Brooklyn, which was owned by the defendants Themelion Realty Corp., Themilion Realty Corp., Theodore Vallas, and Vallas Realty (hereinafter collectively the Themelion defendants). The plaintiff commenced this action against the Themelion defendants and the City of New York. The Themelion defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court, among other things, granted that branch of the motion.

Although section 7-210 of the Administrative Code of the City of New York shifted liability for injuries resulting from defective sidewalks from the City to the abutting property owners (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 519-520 [2008]), "pedestrian ramps are not part of the sidewalk for the purpose of imposing liability on abutting landowners pursuant to that provision" (*Vidakovic v City of New York*, 84 AD3d 1357, 1357-1358 [2011]; *see Gary v 101 Owners Corp.*, 89 AD3d 627, 627-628 [2011]; *Ortiz v City of New York*, 67 AD3d 21, 23, 27-28 [2009], *revd on other grounds* 14 NY3d 779 [2010]).

The Themelion defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the area in which the plaintiff tripped was part of the pedestrian ramp (*see Gary v 101 Owners Corp.*, 89 AD3d at 627; *Vidakovic v City of New York*, 84 AD3d at 1358). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the Themelion defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Florio, Austin and Roman, JJ., concur.