■ JANET STANZIALE et al., Respondents, v CITY OF NEW YORK, Respondent, and BAUER PROPERTIES, LLC, Appellant, et al., Defendants. [999 NYS2d 152]—

In an action to recover damages for personal injuries, etc., the defendant Bauer Properties, LLC, appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated May 8, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and fil-

ing separate briefs, and the motion of the defendant Bauer Properties, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff Janet Stanziale allegedly sustained personal injuries when she slipped and fell on snow and ice on a pedestrian ramp abutting premises owned by the defendant Bauer Properties, LLC (hereinafter Bauer), and occupied by the defendant Empire Beauty School (hereinafter Empire). The plaintiff, and her husband suing derivatively, thereafter commenced this action against Bauer, Empire, and the City of New York. Empire and the City cross-claimed against Bauer, seeking contribution and indemnification. Bauer moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiff and the City opposed the motion. The Supreme Court denied the motion.

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Fusco v City of New York*, 71 AD3d 1083 [2010]). "However, pedestrian ramps are not part of the sidewalk for the purpose of imposing liability on abutting landowners pursuant to that provision" (*Vidakovic v City of New York*, 84 AD3d 1357, 1358 [2011]; *see Rodriguez v Themelion Realty Corp.*, 94 AD3d 733 [2012]).

Here, Bauer established its prima facie entitlement to judgment as a matter of law by demonstrating that the area where the plaintiff slipped and fell was part of the pedestrian ramp (*see Rodriguez v Themelion Realty Corp.*, 94 AD3d 733 [2012]; *Vidakovic v City of New York*, 84 AD3d 1357 [2011]). Empire declined to oppose the motion, and the evidence submitted by the plaintiffs and the City in opposition to the motion was insufficient to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted Bauer's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.