Santiago v City of New York (2021 NY Slip Op 05036)





Santiago v City of New York


2021 NY Slip Op 05036


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-12224
 (Index No. 7682/15)

[*1]Juan Santiago, plaintiff-respondent,
v
City of New York, defendant-respondent, et al., defendants, 28 Graham Avenue, LLC, et al., appellants.


Ryan & Conlon, LLP, New York, NY (Christopher M. Carfora of counsel), for appellants.
Katz & Kern, LLP, New York, NY (Chet W. Kern of counsel), for plaintiff-respondent.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jane L. Gordon and Janet L. Zaleon of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 28 Graham Avenue, LLC, and Misrahi Realty Corp. appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated September 6, 2019. The order, insofar as appealed from, denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On September 7, 2014, the plaintiff allegedly tripped and fell on a hole in a sidewalk abutting premises in Brooklyn owned by the defendant 28 Graham Avenue, LLC, and managed by the defendant Misrahi Realty Corp. (hereinafter together the Graham defendants). The plaintiff commenced this personal injury action against, among others, the Graham defendants. The Graham defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the hole was located in the pedestrian ramp rather than the abutting sidewalk, and that they were not responsible for the ramp and the plaintiff's injuries. The Supreme Court denied the motion. The Graham defendants appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517). "However, pedestrian ramps are not part of the sidewalk for the purpose of imposing liability on abutting landowners pursuant to that provision" (Vidakovic v City of New York, 84 AD3d 1357, 1358; see Stanziale v City of New York, 123 AD3d 904, 905; Rodriguez v Themelion Realty Corp., 94 AD3d 733).
Here, the Graham defendants failed to submit evidence sufficient to establish their [*2]prima facie entitlement to judgment as a matter of law on the ground that the hole at issue was located within a pedestrian ramp, and therefore, that they had no duty to maintain the area pursuant to Administrative Code of the City of New York § 7-210 (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852). Since the Graham defendants failed to meet their initial burden, the Supreme Court properly denied their motion without regard to the sufficiency of the opposition papers (see id. at 853).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court