| Blackwell v City of New York |
|:---:|
| 2024 NY Slip Op 30012(U) |
| January 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450986/2019 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM

*Justice*

PART     05RCP

-----------------------------------------------------------------------------X

TALIAH BLACKWELL,

                    Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, PHILJO HOLDING
CORPORATION, HUGHES TAVERN LLC, and ANDI
ASSOCIATES CO.,

                    Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450986/2019 |
| MOTION DATE | 02/08/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion for                    JUDGMENT - SUMMARY           .

Upon the foregoing documents, Philjo Holding Corporation ("Philjo") and Hughes Tavern LLC's ("Hughes Tavern") motion, pursuant to CPLR §3212, for summary judgment dismissing this action is denied for the reasons set forth below.

Plaintiff brings this action to recover for injuries allegedly sustained on April 13, 2018, when she tripped and fell on "uneven sidewalk flagstones, and a gap between said sidewalk flagstones" in front of 1682 First Avenue, New York, New York (the "Building"), at the corner of 88th Street and First Avenue (NYSCEF Doc. No. 56 [Compl. at ¶20]). In her affidavit in opposition to the instant motion, plaintiff attests that two separate defects within the subject sidewalk caused her to fall:

> My accident occurred, when the toe of my left foot went inside an uneven gap in the sidewalk, which was about 2 inches deep x 2 inches wide, and located about an inch off of the curb. I tried to catch myself, but stumbled forward, catching my other foot in a second uneven gap, which was located closer to the curb, a little

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**
**Motion No.  003**

Page 1 of 8

[* 1]

above the curb, and had a crack in it. As a result, I was caused to continue to move forward, landing on my knee, turning over and landing on my buttocks.

(NYSCEF Doc. No. 78 [Blackwell Aff. at ¶7]). Photographs marked at her examination before trial ("EBT") depict one defect within a pedestrian ramp and the other defect within a sidewalk flag adjacent to the pedestrian ramp. This sidewalk flag contains a traffic pole signal embedded within it (See NYSCEF Doc. Nos. 66-68]).

Plaintiff asserts negligence claims against[1]: (i) the City of New York and New York City Department of Transportation (collectively, the "City"), (ii) Philjo, the owner of the Building, and (iii) Hughes Tavern, the lessee of the Building. Plaintiff alleges that each of these defendants caused and created the defective sidewalk conditions and failed to remedy same.

Philjo and Hughes Tavern now move, pursuant to CPLR §3212, for summary judgment dismissing plaintiff's complaint and all crossclaims against them. Philjo argues that it is exempt from liability because the pedestrian ramp does not fall within the ambit of Administrative Code §7-210 and that any obligation to maintain and repair the sidewalk flag in question was displaced under 34 RCNY §2-20 and adds that it did not cause or create the defective condition or made special use of the area of plaintiff's fall. Hughes Tavern argues that, as a commercial tenant, it does not owe plaintiff a duty of care, and neither caused or created the defective condition nor made special use of the area of plaintiff's fall.

In support of their motion, Philjo and Hughes Tavern submit the affidavit of James Moran, in which he attests that he and his brother each own fifty percent of Hughes Tavern, and adds that:

Hughes Tavern occupies the first floor of the building at 1682 First Avenue and operates a restaurant. The tavern was in business and in operation on and prior to plaintiff's alleged accident of April 13, 2018.

---

[1] Plaintiff also asserts negligence claims against Andi Associates Co., who has yet to appear in this action.

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**                    **Page 2 of 8**
**Motion No.  003**

2 of 8

> Hughes Tavern orally leases the ground floor space at 1682 First Avenue from Philjo Holding Corporation, the owner of the building. My parents, James and Teresa Moran, are the owners of Philjo Holding Corporation.
>
> …
>
> I have reviewed the photographs of the accident location and the alleged conditions on and around the pedestrian ramp[,] which plaintiff alleges caused her to trip and fall back on April 13, 2018 … Prior to plaintiffs alleged accident of April 13, 2018, I had never previously taken notice of either of these conditions having been present on the sidewalk.
>
> Neither Hughes Tavern nor Philjo maintained this area of the sidewalk prior to, or after the April 13, 2018 accident alleged. No repairs had ever been made to the pedestrian ramp or the flagstone upon which the traffic control devices were situated, prior to plaintiff's accident of April 13, 2018[,] by either Philjo or Hughes Tavern. No actions on the part of Philjo or Hughes Tavern caused the alleged defective conditions to exist as no work had ever been performed on the sidewalk, at this location, while neither Philjo nor Hughes Tavern made any special use of the sidewalk at this specific location.

(NYSCEF Doc. No. 64 [Moran Aff. at ¶¶1-5]).

Philjo and Hughes Tavern also submit Moran's EBT testimony in which he testified, in pertinent part, that he has managed the Building since 2004 and that, while there is no written agreement detailing his maintenance obligations, he removes the snow from the sidewalk abutting the Building when it snows and generally maintains it, keeping it clean (NYSCEF Doc. No. 63 [Moran EBT at pp. 9-10, 13-14, 16, 35). He added that an employee of Hughes Tavern sweeps and cleans the sidewalk every day, including the area of the sidewalk where plaintiff fell (Id. at pp. 15, 26). However, Moran would hire contractors to make certain unspecified repairs to the Building (Id. at 22).

Plaintiff opposes Philjo and Hughes Tavern's motion, arguing that Philjo is responsible for maintaining the pedestrian ramp under Administrative Code §7-210 and that it has failed to establish that it lacked actual or constructive notice of these conditions. Plaintiff further argues

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**
**Motion No.  003**

**Page 3 of 8**

3 of 8

[* 3]

that Hughes Tavern owed a duty to plaintiff because its lease was so comprehensive and exclusive that it entirely displaced Philjo's duty under Administrative Code §7-210 to maintain the sidewalk.

In reply, defendants argue, as pertinent here, that Hughes Tavern did not displace Philjo's duty to maintain the sidewalk because no lease agreement between the parties existed and Moran does not maintain the abutting sidewalk in his capacity as owner of Hughes Tavern.

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]).

The Court first addresses Philjo's motion for summary judgment. Philjo contends that it is exempt from liability because it has no duty under Administrative Code §7-210 to repair either defect that caused plaintiff's fall.

Administrative Code §7-210 provides, as relevant here, that:

the owner of real property abutting any sidewalk ... shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags ...

(Administrative Code § 7-210[b]).

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**
**Motion No.  003**

**Page 4 of 8**

Philjo has established that it cannot be held liable for any defective condition within the subject pedestrian ramp. It is well settled that, under Administrative Code §7-210, "a landowner is not liable for a defect in a pedestrian ramp leading from the street onto a sidewalk unless the landowner created the defect or the ramp was constructed for its special use"[2] (Gary v 101 Owners Corp., 89 AD3d 627, 627 [1st Dept 2011]). This exception is inapplicable here, as it is undisputed that the pedestrian ramp was not constructed for Philjo's special use and that Moran's EBT and affidavit establish that Philjo did not cause or create the defect within the pedestrian ramp.

However, a question of fact remains as to whether Philjo was responsible for maintaining the sidewalk flag at issue. Philjo argues that the traffic pole embedded within this sidewalk flag meant that Philjo was precluded from maintaining the sidewalk flag by Rules of the City of New York Department of Transportation (34 RCNY) §2-20. This provision states, in relevant part, that:

> Any person installing, repairing, removing, using or working within three (3) feet of any type of City electrical equipment or non-City electrical equipment attached to City Property, including communication circuits, shall comply with the following requirements:
>
> …
>
> Only public utilities, public benefit corporations, City agencies or licensed and insured contractors shall be permitted to install, repair, use or work within three (3) feet of any type of City electrical equipment or non-City electrical equipment attached to City Property, including communication circuits.

(34 RCNY §2-20[a][2] [emphasis added]).

The Court agrees with Philjo that the subject traffic pole falls within the ambit of this provision. Although 34 RCNY §2-01 defines "City electrical equipment" as "city property to which electrical connections can be made, including but not limited to, electrical devices, wood

---

[2] Plaintiff's contention that the principle set forth in Ortiz v City of New York, 67 AD3d 21 (1st Dept 2009), i.e., that the abutting property owner is not responsible for maintaining pedestrian ramps under Administrative Code §7-210, was overruled by the Court of Appeals, in incorrect (See Ortiz v City of New York, 14 NY3d 779 [2010]).

450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK                    Page 5 of 8
Motion No.  003

5 of 8

poles and metal street light/lampposts," and does not expressly include traffic poles, the Court notes that this definition is non-exhaustive and, moreover, that 34 RCNY §2-20(a)(1)—which immediately precedes the provision at issue—defines "City electrical equipment" to include the "street light poles and poles containing electrical traffic control devices," at issue here.

As such, the Court turns to the question of whether 34 RCNY §2-20(a)(2) bars Philjo from performing any work on the subject sidewalk flag. While there is a paucity of authority on this question, the Court is persuaded by the conclusion reached by the court in <u>Steen v Ethan Allen Design Center</u>, after a review of the legislative history behind 34 RCNY §2-20, that this provision does not remove a property owner's responsibility to repair sidewalk flags under Administrative Code §7-210, but only constrains the manner in which a property owner may perform such work (<u>Steen v Ethan Allen Design Ctr.</u>, 2021 NY Slip Op 31134[U], 6-8 [Sup Ct, NY County 2021]).

The Court also agrees that defendants' attempt to analogize 34 RCNY §2-20(a)(2) to 34 RCNY §2-07(b) is not persuasive. 34 RCNY §2-07(b) "assumes private ownership of sidewalk gratings … and explicitly imposes both monitoring and maintenance requirements" where, by contrast, "34 RCNY § 2-20(a)(2) merely states that only certain personnel are allowed to work within three feet of City electrical equipment" (<u>Steen v Ethan Allen Design Ctr.</u>, 2021 NY Slip Op 31134[U], *8 [Sup Ct, NY County 2021]; <u>see</u> <u>also</u> <u>Doyley v Steiner</u>, 107 AD3d 517, 518 [1st Dept 2013]).

In light of the foregoing, Philjo must, in order to establish its entitlement to summary judgment, prove "that it neither created the defective condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (<u>Garcia v City of New York</u>, 99 AD3d 491, 492 [1st Dept 2012]). Although Philjo has established through Moran's EBT that it did not cause or create the alleged defect, it has not established that it lacked actual or

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**                     **Page 6 of 8**
**Motion No.  003**

6 of 8

constructive notice such that it could have corrected the defect (and in fact makes no such claim in its papers). Accordingly, defendants' motion for summary judgment is denied as to Philjo.

Defendants' motion is also denied as to Hughes Tavern. As a tenant, Hughes Tavern may not be held liable for a failure to maintain the abutting sidewalk unless it "affirmatively caused or created the defect that caused plaintiff to trip" or "put the subject sidewalk to a special use for its own benefit, thus assuming a responsibility to maintain the part used in reasonably safe condition" or its "lease was so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk" (Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [1st Dept 2010]; Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]).

Hughes Tavern has demonstrated through Moran's affidavit that it did not affirmatively create the alleged defects. In addition, it is undisputed that Hughes Tavern did not put the subject portion of the sidewalk to special use for its own benefit (See Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [1st Dept 2010]; Gary v 101 Owners Corp., 89 AD3d 627, 628 [1st Dept 2011]). However, Moran's EBT testimony and affidavit that Hughes Tavern had an oral lease with Philjo raises an issue of fact as to the scope of the sidewalk maintenance under this oral lease and whether its obligations were so "comprehensive and exclusive" that Hughes Tavern displaced Philjo's statutory obligations to maintain the sidewalk.[3] Accordingly, defendants' motion for summary judgment is denied as to Hughes Tavern.

In light of the foregoing, it is

**ORDERED** that Philjo Holding Corporation and Hughes Tavern LLC's motion for summary judgment is denied; and it is further

---

[3] It remains an open question whether the "oral lease" between Philjo and Hughes Tavern is enforceable (See General Obligations Law §5-703).

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**
**Motion No. 003**

**Page 7 of 8**

7 of 8

**ORDERED** that, within fifteen days of the date of this decision and order, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, on defendants as well as on the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this Court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

_____
**1/2/2024**
**DATE**

_____
**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**450986/2019   BLACKWELL, TALIAH K vs. CITY OF NEW YORK**
Motion No.  003

Page 8 of 8

8 of 8