**Rakin v City of New York**

2025 NY Slip Op 30196(U)

January 15, 2025

Supreme Court, New York County

Docket Number: Index No. 161178/2021

Judge: Jeanine R. Johnson

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. JEANINE R. JOHNSON** | PART **52-M** |
| *Justice* | |

-------------------------------------------------------------------X

GABRIELLA DAGAN RAKIN,

                        Plaintiff,

          - v -

THE CITY OF NEW YORK, 109 DELANCEY STREET,
LLC,JPMORGAN CHASE & CO.

                      Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161178/2021 |
| MOTION DATE | 07/05/2024, 07/22/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 43, 44

were read on this motion to/for          **JUDGMENT - SUMMARY** .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 45, 48, 49, 50, 51

were read on this motion to/for          **JUDGMENT - SUMMARY** .

Upon the foregoing documents and oral argument held on 09/25/2024, Defendant–109 Delancey Street, LLC's (hereinafter "Defendant–109 Delancey") and Defendant–JP Morgan Chase & Co's (hereinafter, "Defendant–JP Morgan) motions for summary judgment pursuant to CPLR § 3212 are granted.

To succeed on a motion for summary judgment, the moving party must make a prima facie showing of entitlement to summary judgment as a matter of law by demonstrating the absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown*, 27 N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824 (2014); CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to the non-moving party to establish the existence of material issues of fact which preclude judgment as a matter of law." *Jacobsen*, 22 N.Y.3d at 833. If there are no material, triable issues

**161178/2021  RAKIN, GABRIELLA DAGAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 1 of 6**

1 of 6

[* 1]

of fact, summary judgment must be granted. *See Sillman v. Twentieth Century-Fox Film Corp.,* 3 N.Y.2d 395 (1957). "A grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence." *DaSilva v. Haks Engrs.,* 125 A.D.3d 480, 482 (1st Dept 2015); *see Erkan v. McDonald's Corp,* 146 A.D.3d 466, 468 (1st Dept 2017) ("The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion").

This case arises from a trip and fall accident on August 3, 2021. Plaintiff tripped and fell on a defective pedestrian ramp located at 109 Delancey Street, New York, NY 10007, which abuts Defendant–109 Delancey and Defendant–JP Morgan's property.[1] (NYSCEF Doc. No. 1). Plaintiff alleges she tripped due to Defendants' reckless, careless and negligence maintenance of the subject location. Compl. ¶ 15.

Section 7-210 of New York City Administrative Code states in relevant part that "the owner of real property abutting any sidewalk…shall be liable for any injury to property or personal injury…proximately caused by the failure of such owner to maintain such sidewalk in a reasonable safe condition." However, "a landowner is not liable for a defect in a pedestrian ramp leading from the street onto a sidewalk unless the landowner created the defect, or the ramp was constructed for its special use." *Gary v. 101 Owners Corp.,* 89 A.D.3d 627, 627 (1st Dept 2011).

Motion Sequence 001

Defendant–109 Delancey argues that it is not liable for Plaintiff's injuries because it does not own, maintain, or make special use of the pedestrian ramp. Def. Delancey Aff. in Support ¶ 4. At Plaintiff's 50-h hearing, when asked where she tripped, Plaintiff stated "in the ramp itself

---

[1] Defendant–109 Delancey owns the premises located 109 Delancey Street, New York, NY 10007 and leases the premises to Defendant–JP Morgan. Def. Delancey Aff. in Support ¶ 19.

**161178/2021  RAKIN, GABRIELLA DAGAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

Page 2 of 6

2 of 6

[* 2]

on the sidewalk, there are a bunch of holes that I tripped on." Pl. 50-H Transcript p. 19 ¶ 9. When asked whether the holes Plaintiff was describing were in the pedestrian ramp, Plaintiff replied, in relevant part, "yes, it's like a red section. I am assuming that is what you are referring to for the wheelchair." *Id.* at ¶ 13. Additionally, Defendant–109 Delancey's motion included photos of the accident location and depicts the pedestrian ramp Plaintiff described in her testimony. Def. Aff. in Support p. 5.

Plaintiff argues that Defendant–109 Delancey's motion is premature because it did not respond to Plaintiff's discovery demands and depositions are outstanding. Pl. Opp. pp. 2, 3 ¶¶ 4, 7. Specifically, Plaintiff contends that Defendant–109 Delancey has not provided documents, contracts, or worklogs to show that it never worked on the sidewalk or otherwise have responsibility over the subject location. Pl. Opp. p.4 ¶ 11. Defendant–109 Delancey produced an affidavit by Michele Fieland, the owner of 109 Delancey Street stating that Defendant–109 Delancey did not enter in contracts, engage in maintenance, or repair, or make special use of the subject location prior to Plaintiff's accident. Michele Fieland Aff. in Support ¶¶ 7-8.

This Court finds that the motion is not premature. Defendant–109 Delancey established that it did not have a duty to maintain the pedestrian ramp pursuant to NYC Admin Code § 7-210 and provided sufficient evidence showing that it did not cause or create the defective condition or make special use of the subject location. Plaintiff's argument that Defendant–109 Delancey caused, created, or used the subject location for special use is based on speculation, which is insufficient to defeat summary judgment. *See generally Rivera v. City of New York*, 210 A.D.3d 544 (1st Dept 2022). Therefore, Defendant–109 Delancey met its prima facie burden.

**161178/2021  RAKIN, GABRIELLA DAGAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

Page 3 of 6

3 of 6

[* 3]

Motion Sequence 002

Defendant–JP Morgan also argues that it is not liable for Plaintiff's injuries because it does not own, maintain, or make special use of the pedestrian ramp. Def. Mem. of Law ¶ 2. Plaintiff argues that Defendant–JP Morgan's motion is premature because it did not respond to Plaintiff's discovery demands and depositions have not been taken. Pl. Opp. pp. 1, 2 ¶ 7. Specifically, Plaintiff contends that Defendant – JP Morgan has not provided documents, contracts, or worklogs to show that it never worked on the sidewalk or otherwise have responsibility. Pl. Opp. p. 6 ¶ 18.

Defendant–JP Morgan argues that it responded to Plaintiff's discovery demands stating that it is not in possession of any permits or records for the pedestrian ramp where Plaintiff fell, records pertaining to the installation of the pedestrian ramp, correspondence or 311 calls related to the subject location or any prior written complaint, inspection records, or repair records in relation to the pedestrian ramp. Def. Reply Mem. pp. 5-6 ¶ 1. Additionally, Defendant–JP Morgan provided an affidavit from Kathleen Pendergraft, Vice President of Casualty Insurance Claims at JP Morgan Chase Bank. (NYSCEF Doc. No. 38). Ms. Pendergraft stated in her affidavit that she has access to records maintained by Defendant–JP Morgan and "at no time prior to August 3, 2021, did [Defendant–JP Morgan] undertake, or contract with anyone for the purpose of undertaking, any structural repairs to the public sidewalk adjacent to the subject branch." Kathleen Pendergraft Aff. p. 2 ¶ 7.

For the same reasons outlined above in Motion Sequence 001, this Court finds that the motion is not premature because Defendant–JP Morgan has established that it did not have a duty to maintain the pedestrian ramp pursuant to NYC Admin Code § 7-210 and provided sufficient evidence showing that it did not cause or create the defective condition or make special

**161178/2021  RAKIN, GABRIELLA DAGAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 4 of 6**

showing that it did not cause or create the defective condition or make special use of the subject location. Plaintiff's argument that Defendant–JP Morgan caused, created, or used the subject location for special use is based on speculation, which is insufficient to defeat summary judgment. *See generally Rivera v. City of New York*, 210 A.D.3d 544 (1st Dept 2022). Therefore, Defendant–JP Morgan met its prima facie burden.

Accordingly, it is hereby

ORDERED that Motion Sequence 001, Defendant–109 Delancey's motion for summary judgment is granted, it is further;

ORDERED that Motion Sequence 002, Defendant–JP Morgan's motion for summary judgment is granted; it is further

ORDERED that the action is severed and continued against the remaining Defendant – The City of New York; it is further

ORDERED that the caption be amended to reflect said dismissals and that all future papers filed with the court bear the amended caption;

ORDERED that the caption is amended to read as follows:

-------------------------------------------------------------------------X

GABRIELLA DAGAN RAKIN,

               Plaintiff,

THE CITY OF NEW YORK

               Defendant.

-------------------------------------------------------------------------X

**161178/2021  RAKIN, GABRIELLA DAGAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 5 of 6**

5 of 6

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

**Motion Sequence 001**

| 1/15/2025 | | JEANINE R. JOHNSON, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**Motion Sequence 002**

| 1/15/2025 | | JEANINE R. JOHNSON, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161178/2021   RAKIN, GABRIELLA DAGAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

Page 6 of 6